UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRE BARBER,

      Plaintiff,

v.

CUNNINGHAM, JOHN DOE,
JANE DOE,

      Defendants.

Case No. 2:23-cv-10095
District Judge Linda V. Parker
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT CUNNINGHAM'S MOTION FOR SUMMARY JUDGMENT (ECF No. 20)[1] AND *SUA SPONTE* DISMISS THE JOHN AND JANE DOE DEFENDANTS AND DISMISS THE CASE WITHOUT PREJUDICE

### I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Tre

Barber (Barber), proceeding *pro se*, filed a complaint naming Sergeant Unknown

Cunningham;[2] Corrections Officer Unknown Party #1, named as John Doe; and

---

[1] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Cunningham's full name, Harry Cunningham, was revealed after service.

Registered Nurse Unknown Party #2, named as Jane Doe. (ECF No. 1, PageID.2). In broad terms, Barber alleges that Cunningham and John Doe failed to protect him from an assault by another inmate at the Saginaw Correctional Facility (SRF) and that Jane Doe provided inadequate medical care following the assault. (*Id.*, PageID.4-5).[3] Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 21).

Before the Court is Cunningham's motion for summary judgment on the ground that Barber has not exhausted his administrative remedies. (ECF No. 20). Barber was directed to file a response to the motion by December 14, 2023. (ECF No. 22). That date has passed without the filing of a response.

For the reasons that follow, the undersigned RECOMMENDS that Cunningham's motion for summary judgment be GRANTED, the Doe defendants be *sua sponte* DISMISSSED, and the entire case be DISMISSED WITHOUT PREJUDICE.

## II.    Background

Barber filed his complaint on December 22, 2022. (ECF No. 1). In it, he

---

[3] Barber filed the complaint in the Western District of Michigan. It was transferred to this district and initially dismissed without prejudice for failure to submit paperwork regarding paying the filing fee. (ECF No. 5). The case was reopened on Barber's motion, explaining that he had submitted the paperwork and the filing fee was being deducted from his account. (ECF No. 8). The case was then stayed and proceeded to mediation, which was not successful. The stay was lifted, (ECF No. 14), and the only named party, Cunningham, was served. (ECF No. 17).

alleges that he was stabbed in the neck and head by another prisoner while Cunningham and an unknown officer were escorting him to healthcare on December 11, 2022, the day after he complained to Cunningham that he was threatened by another prisoner.  He alleges that Cunningham did not take any action in response to the threat.

Barber's Step III Grievance Report shows that he had not pursued any Step III grievances which he filed at Step I on or after December *2022*, but he did pursue one Step III grievance which he filed at Step I on January 4, 2022: SRF-22-01-0022-28e (SRF 22).  This grievance was filed against Cunningham and complained about an incident that occurred on December 11, *2021*, alleging that "Cunningham and another officer did not protect him from a prisoner who walked up behind him and stabbed him."  The grievance was rejected at Step I as untimely. The rejection was affirmed at Step II and Step III.  *See* ECF No. 20-3, PageID.87 – Step III Grievance Report.

### III.    Barber's Failure to File a Response

The Sixth Circuit has said that "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F.

3

App'x 374, 380-81 (6th Cir. 2011) (" '[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.' " (quoting *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991))).  That said, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 405 (6th Cir. 1992).  "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421, at *3 (6th Cir. 2000) (table).

In light of the above, the undersigned will consider the merits of the motion even in the absence of a response.

IV.    Discussion

A.    Exhaustion of Administrative Remedies

1.    Standard

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93

4

(2006).  Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted).  Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007).  The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015).  But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015).  Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The Michigan Department of Corrections (MDOC) has established a three-

step process to review and resolve prisoner grievances.  "Under the [Michigan]

Department of Corrections' procedural rules, inmates must include the '[d]ates,

times, places and names of all those involved in the issue being grieved' in their

initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010).  As

noted by the Court in *Woodford*, one of the purposes of requiring proper

exhaustion is to "provide[ ] prisons with a fair opportunity to correct their own

errors." *Woodford*, 548 U.S. at 94.  To be sufficient, a grievance need not "allege a

specific legal theory or facts that correspond to all the required elements of a

particular legal theory." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003)

*abrogated with respect to other principles by Jones v. Bock*, 549 U.S. 199 (2007).

Nonetheless, the grievance must give "fair notice of the alleged mistreatment or

misconduct that forms the basis of the constitutional or statutory claim made

against a defendant in a prisoner's complaint." *Id.*

## 2.    Application

Here, Barber's complaint alleges that Cunningham failed to protect him on

or around December 11, 2022, but he did not complete through Step III any

grievances which he filed at Step I in December 2022.  (ECF No. 20-3).  Thus, to

the extent that Barber alleges failure-to-protect arising out of an incident occurring

in December 2022, he did not exhaust any such claims before he filed his lawsuit.

Assuming, which appears likely, that Barber meant to allege claims arising

6

out of December *2021*, he also did not exhaust any such claims.  The only relevant

Step III grievance, SRF-22, was rejected at Step I as untimely and the rejection

was affirmed through Step III.  This does not establish exhaustion.  *Brooks v.*

*Hardy*, No. 1:16-cv-1336, 2017 WL 6048822, at *2 (W.D. Mich. Dec. 6, 2017)

("As long as the state clearly rejects a grievance for a reason explicitly set forth in

the applicable grievance procedure, a subsequent § 1983 claim based on the

grievance will be subject to dismissal for failure to properly exhaust." (internal

quotations mark and citations omitted)).

Assuming the incident took place on December 11, 2021, Barber did not file

his Step I grievance until January 4, 2022 (as stamped in the "Date Received at

Step I" field of the Step I grievance form).  *See* MDOC P.D. 03.02.130 ¶ T

(providing that "[g]rievances and grievance appeals at all steps shall be considered

filed on the date received by the Department," and that "[a]ll grievances and

appeals shall be date stamped upon receipt"; ECF No. 20-2).  The grievance was

not filed within five days of the incident as required by the applicable MDOC

policy.  In short, Barber did not properly exhaust his claims against Cunningham.

Accordingly, his claims against Cunningham should be dismissed without

prejudice for failure to exhaust under the PLRA.

## B.     The Doe Defendants

The complaint refers to an "Officer Doe" and a "Nurse Jane Doe."

7

However, since the filing of the complaint on December 22, 2022, Barber has taken no steps to identify either Doe defendant or take steps to serve them. Under Federal Rule of Civil Procedure 4(m), Barber had ninety days from the filing of the complaint to serve these defendants. He has not done so. Therefore, the Doe defendants should be dismissed without prejudice. *See Porter v. Nationstar Mortg. Servs.*, No. 215CV02578SHMEGB, 2017 WL 2493150, at *2 (W.D. Tenn. June 9, 2017). Further, dismissal of unknown defendants without prejudice is proper where no claims remain against named defendants. *See Ruff v. Corr. Med. Servs.*, No. 07-15443-BC, 2009 WL 1384158, at *1 (E.D. Mich. May 13, 2009) (citing *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1093 (W.D. Mich. 2001); *Adams v. Hyman Lippitt, P.C.*, No. 05–72171, 2007 WL 2571955, at *1 (E.D. Mich. Sept. 5, 2007)).

## V.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Cunningham's unopposed motion for summary judgment on the grounds of exhaustion, (ECF No. 20), be GRANTED, and Barber's claim against him be DISMISSED WITHOUT PREJUDICE. The undersigned further recommends that the Doe defendants be *sua sponte* DISMISSED WITHOUT PREJUDICE. If these recommendations are adopted, the entire case will be dismissed without prejudice.

Dated: March 7, 2024                    s/Kimberly G. Altman
Detroit, Michigan                       KIMBERLY G. ALTMAN

8

United States Magistrate Judge

## <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without

merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 7, 2024.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager
